```
                           United States Bankruptcy Court
                           Middle District of Pennsylvania
In re:                                                              Case No. 17-04443-JJT
Henry Rivera Murillo                                                Chapter 13
         Debtor                    CERTIFICATE OF NOTICE

District/off: 0314-5       User: TWilson            Page 1 of 1          Date Rcvd: Mar 08, 2018
                           Form ID: pdf002          Total Noticed: 15
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 10, 2018.
```
db          +Henry Rivera Murillo,    2690 Long Pond Road,    Long Pond, PA 18334-7805
4984739    ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
             (address filed with court:  Bk of Amer,    PO Box 982238,    El Paso, TX  79998-2238)
4984738     #Bank of America,    NC4-105-03-14,    PO Box 26012,    Greensboro, NC  27420-6012
5028195     +Bank of America, N.A.,    P O Box 982284,    El Paso, TX 79998-2284
4984742      Emerald Lakes Association,    1112 Glade Dr,    Long Pond, PA  18334-7904
5030778     +HomeBridge Financial Services, Inc.,    c/o Cenlar FSB,    425 Phillips Blvd,
              Ewing, NJ 08618-1430
4984737      Murillo Henry Rivera,    2690 Long Pond Rd,    Long Pond, PA  18334-7805
4984744      Public Savings Bank,    1 Church St,    Rockville, MD  20850-4158
4984746    ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
             (address filed with court:  Toyota Motor Credit Corp,    PO Box 8026,
              Cedar Rapids, IA  52408-8026)
4984745     +Toyota Motor Credit Co,    240 Gibraltar Rd Ste 260,    Horsham, PA 19044-2387
5000877     +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4984740      E-mail/Text: kzoepfel@credit-control.com Mar 08 2018 19:11:08     Central Loan Admin & R,
              425 Phillips Blvd,    Ewing, NJ  08618-1430
4984741     +E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 08 2018 19:10:55     Commonwealth Of Pennsylvania,
              P.O. Box 280946,    Department Of Revenue - Bankruptcy Dept.,    Harrisburg, PA 17128-0946
4984743      E-mail/Text: cio.bncmail@irs.gov Mar 08 2018 19:10:40     Internal Revenue Service,
              P.O. Box 7346,    Philadelphia, PA  19101-7346
5002304      E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 08 2018 19:10:55
              Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
              Harrisburg, PA  17128-0946
                                                                                              TOTAL: 4

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5001075*    +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
                                                                                 TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 10, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 8, 2018 at the address(es) listed below:
```
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor    HomeBridge Financial Services, Inc.
               bkgroup@kmllawgroup.com
              Patrick James Best    on behalf of Debtor 1 Henry Rivera Murillo patrick@armlawyers.com,
               kate@armlawyers.com;G29239@notify.cincompass.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 4
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>**Murillo, Henry Rivera** | CHAPTER 13<br>CASE NO. **5:17-bk-04443**<br><br>[X] ORIGINAL PLAN<br><br>[ ] Number of Motions to Avoid Liens<br>[ ] Number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | [X] Included | [ ] Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | [ ] Included | [X] Not included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | [ ] Included | [X] Not included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ **200.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ **8,283.00**, plus other payments and property stated in § 1B below:

1

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payments | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| Month 1 (11/2017) | Month 1 (11/2017) | | | Total Paid to Date | 200.00 |
| Month 2 (1/2017) | Month 60 (10/2022) | | | 137.00 | 8,083.00 |
| | | | | Total Payments: | 8,283.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: [X] Debtor(s) is at or under median income*If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*
[ ] Debtor is over median income. Debtor calculates that a minimum of $0.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $6,610.84. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.

[ ] No assets will be liquidated.*If this line is checked, the rest of § 1.B need not be completed or reproduced.*
[ ] Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as_____.
All sales shall be completed by_____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

2. **SECURED CLAIMS**

A. **Pre-Confirmation Distributions** Check one.

[X] None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

2

Case 5:17-bk-04443-JJT  Doc 24  Filed 12/11/17  Entered 12/11/17 13:03:02  Desc
Main Document  Page 2 of 6
Case 5:17-bk-04443-JJT  Doc 31  Filed 03/10/18  Entered 03/11/18 01:07:49  Desc
Imaged Certificate of Notice  Page 3 of 7

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** Check one.

[ ]None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

[X] Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Central Loan Admin & R | Residential Dwelling | |
| Toyota Motor Credit Corp (Claim 2-1) | 2016 Toyota Rav4 | 3264 |
| Toyota Motor Credit Corp (Claim 3-1) | 2014 Toyota Venza | 4815 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** Check one.

[ ] None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

[X] The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Central Loan Admin & R ^^ | Residential Dwelling | 0.00 | | 0.00 |
| Toyota Motor Credit (Claim2-1) | 2016 Toyota Rav4 | 475.97 | | 475.97 |

D. **Other secured claims (conduit payments and claims for which § 506 valuation is not applicable, etc.).**

[ ] None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

[X] The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the

3

Case 5:17-bk-04443-JJT    Doc 24    Filed 12/11/17    Entered 12/11/17 13:03:02    Desc
Main Document      Page 3 of 6
Case 5:17-bk-04443-JJT    Doc 31    Filed 03/10/18    Entered 03/11/18 01:07:49    Desc
Imaged Certificate of Notice    Page 4 of 7

claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance | Interest Rate | Total To Be Paid in Plan |
|---|---|---|---|---|
| Emerald Lakes Association | Residential Dwelling | 600.00 | 0.00 | 600.00 |

    E.  **Secured claims for which a § 506 valuation is applicable.** Check one.

    **[X]** None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

    F.  **Surrender of Collateral** Check one.

    **[X]** None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

    G.  **Lien Avoidance**. *Do not use for mortgages or for statutory liens, such as tax liens.* Check one.

    **[X]** None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3.  **PRIORITY CLAIMS**

    A.  **Administrative Claims**

      1. Trustee fees.  Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

      2. Attorney fees. Complete only one of the following options:

        a.  In addition to the retainer of $**1,496.00** already paid by the Debtor, the amount of $**2,504.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

        b.  $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

      3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

    **[X]** None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    B.  **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

    **[ ]** None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

    **[X]** Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Internal Revenue Service | 393.69 |

4

Case 5:17-bk-04443-JJT    Doc 24    Filed 12/11/17    Entered 12/11/17 13:03:02    Desc
Main Document    Page 4 of 6
Case 5:17-bk-04443-JJT    Doc 31    Filed 03/10/18    Entered 03/11/18 01:07:49    Desc
Imaged Certificate of Notice    Page 5 of 7

C.  **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** Check one of the following two lines.

   **[X]** None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified** *Check one of the following two lines.*

    **[X]** None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    **[X]** None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    **[X]**   plan confirmation.
    **[ ]**   entry of discharge.
    **[ ]**   closing of case:

7. **DISCHARGE: (Check one)**

    **[X]** The debtor will seek a discharge pursuant to § 1328(a).
    **[ ]** The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: **Adequate protection payments**
Level 2: **Debtor's attorney's fees**
Level 3: **Domestic Support Obligations**
Level 4: **Priority Claims, pro rata**
Level 5: **Secured claims, pro rata**
Level 6: **Specially classified unsecured claims**
Level 7: **General unsecured claims**
Level 8: **Untimely filed unsecured claims to which the debtor has not objected**

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

5

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed unsecured claims to which the Debtor has not objected.

9.     **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

**- The instant Chapter 13 Plan proposes to pay back 100% of timely filed Unsecured Creditor claims.**

*^^ - Debtor acknowledges that arrears exist (estimated: $35,439.43) however the Debtor is in the midst of a modification which, if successful, would restructure any arrears back into a modified mortgage. if the Debtor's mortgage is not modified within one year, the Debtor will amend this Plan to provide for the arrears within the Plan.*

Dated: December 11, 2017      /s/ Patrick J. Best, Esq.
                                       Attorney for Debtor

                                       /s/ Henry Rivera Murillo
                                       Debtor

                                       Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

6

Case 5:17-bk-04443-JJT    Doc 24    Filed 12/11/17    Entered 12/11/17 13:03:02    Desc
Main Document      Page 6 of 6
Case 5:17-bk-04443-JJT    Doc 31    Filed 03/10/18    Entered 03/11/18 01:07:49    Desc
Imaged Certificate of Notice      Page 7 of 7